UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ARTHUR LOPEZ,

    Petitioner,

v.

                              Case No. 17-cv-1088-pp

UNITED STATES OF AMERICA,

    Respondent.

**ORDER GRANTING PETITIONER'S MOTION FOR CLARIFICATION AND MOTION FOR RELIEF OF ORDER ENTERED ON AUGUST 8, 2017, PURSUANT TO RULE 60(B)(6) (DKT. NO. 13)**

On May 22, 2017, the petitioner filed a pleading in his underlying criminal case. United States v. Arthur Lopez, 99-cr-209 (E.D. Wis.), Dkt. No. 532. The document was titled, "Petition Under the All Writs Act (Audita Querela) 18 U.S.C. § 1651, Pursuant to the U.S. Supreme Court's Decision in United States v. Morgan, 346 U.S. 502 (1954)." Id. at 1. Among other things, the petitioner argued that the court should not re-characterize or re-label his petition as a petition under 28 U.S.C. §2255 or 18 U.S.C. §3582. Id. at 7. The government responded that the petition clearly was a request to correct, set aside or vacate the petitioner's criminal sentence under 28 U.S.C. §2255. Dkt. No. 533. The government argued that *writs* of *audita qurerela* were obsolete in civil cases and never had been recognized in criminal cases. Id. at 3. The government asked the court to issue the defendant a warning and allow him either to withdraw or amend his pleading. Id. at 4. The petitioner filed a reply,

1

arguing that under United States v. Morgan, 546 U.S. 502 (1954), courts had the authority to issue writs of *audita querela* in criminal proceedings. Dkt. No. 538. He asserted that his petition was a common-law writ, filed to raise "unanticipated circumstances arising post-judgment under an issue" that was "non-cognizable in a § 2255." Id. at 5. He argued that his request for relief was based on a clarifying amendment to the U.S. Sentencing Guidelines. Id. at 6. The court characterized the petition as an untimely 28 U.S.C. §2255 petition and denied it. Id. at Dkt. No. 540.

The clerk's office then opened this civil case—Case No. 17-cv-1088—using the May 22, 2017 petition. Arthur Lopez v. United States of America, 17-cv-1088 (E.D. Wis.). It treated the petition as a §2255 petition, and the same day, entered the court's order dismissing the petition. Id. at Dkt. No. 2. The petitioner appealed. Id. at Dkt. No. 4. On February 26, 2018, this court denied the petitioner's motion for leave to proceed without prepaying the appellate filing fee. Id. at Dkt. No. 11.

A little over two weeks later, the petitioner filed the instant motion. Id. at Dkt. No. 13. The petitioner asked the court to clarify whether it adjudicated his petition as a §2255 motion. Id. at 5. He insists that he did not file a §2255 motion, and instead filed a motion under 28 U.S.C. §1651. Id. Citing Castro v. United States, 540 U.S. 375, 377 (2003), he asks, under Fed. R. Civ. P. 60(b),[1]

---

[1] Fed. R. Civ. P. 60(b)(1) allows a court to grant a party relief from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) allows a court to grant relief from a judgment or order for "any other reason that justifies relief."

2

that the court "correct" its defect of mischaracterizing his petition. Id. He makes this request "so that Petitioner will not be PREJUDICED and PRECLUDED from filing his INITIAL § 2255 in the future under Section (f)(3)." Id. at 6. The government has not responded to this motion. But eight months later, the Seventh Circuit issued an order stating,

> Arthur Lopez has filed a notice of appeal from the denial of his motion under 28 U.S.C. § 2255, which we construe as an application for a certificate of appealability. We have reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).
>
> Accordingly, the request for a certificate of appealability is DENIED. Lopez's motion to proceed in forma pauperis is DENIED.

Dkt. No. 14.

In Castro, the Supreme Court held that a district court could not recharacterize a *pro se* litigant's motion as the litigant's first §2255 motion "*unless* the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject subsequent § 2255 motions to the law's 'second or successive' restrictions, and provides the litigant with an opportunity to withdraw, or to amend, the filing." Castro, 540 U.S. at 377. Id. The Court held that if the district court did not take these steps, "a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's 'second or successive' provision."

The petitioner is correct that when the court recharacterized his May 22, 2017 motion as a motion under 28 U.S.C. §2255, it did not provide the warnings required by Castro—even though the government suggested that it do

3

so. The court will grant the petitioner's motion and correct this error, giving him the opportunity to either withdraw the petition or file an amended petition containing all the claims he believes he has.

The court advises the petitioner, however, that recharacterization of the petition is the court's only option. Title 28 U.S.C. §1651 "is only a mechanism by which the Court asserts its jurisdiction; it is not a source of jurisdiction." Adamczyk v. States Attorney, No. 20-cv-067-SMY, 2020 WL 5816726, at *2 (S.D. Ill. Sept. 30, 2020) (citing United States v. Ill. Bell Telephone Co., 531 F.2d 809, 814 (7th Cir. 1979)). The All Writs Act "merely permits a court to issue writs in aid of jurisdiction acquired to grant some other form of relief." Telecommunications Research and Action Center v. F.C.C., 750 F.2d 70, 77 (D.C. Cir. 1984) (citations omitted). Because 28 U.S.C. §1651 only authorizes a federal court to issue a writ in aid of jurisdiction it already has, that statute affords the petitioner no relief if the court has no other source of jurisdiction to consider his May 2017 request.

The petitioner asked the court to "correct the original sentencing procedure." Dkt. No. 1 at 15. Fed. R. Crim. P. 35(a) allows a court to correct a sentence that resulted from an arithmetical, technical or other "clear error," but it gives the court only fourteen days from the date of sentencing in which to make such a correction. The petitioner's May 22, 2017 petition falls far outside the fourteen-day time frame prescribed by Rule 35. Section 2255 allows a party to file a motion to vacate, set aside or correct a sentence that was imposed in violation of the Constitution or laws of the United States within one year of (a)

4

the date on which the conviction becomes final, (b) the date on which any impediment to making the motion created by governmental action in violation of the Constitution or laws of the United States is removed, (c) the date on which the right asserted was initially recognize by the Supreme Court or (d) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence. The petitioner's May 22, 2017 petition was filed almost five years after his conviction became final and almost a year and a half after the amendment on which his arguments rely went into effect.

The court has no jurisdiction to consider the petitioner's request under Rule 35. It already has concluded that it has no jurisdiction to consider his request under §2255. Unless the petitioner can identify some other source of the court's jurisdiction, it will not have jurisdiction to consider an amended petition regardless of what the petitioner names it.

The court **GRANTS** the petitioner's Motion for Clarification and Motion for Relief of Order Entered on August 8, 2017, Pursuant to Rule 60(b)(6). Dkt. No. 13.

The court **VACATES** its August 8, 2017 order denying petition for writ of *audita querela*. Dkt. No. 2.

The court **NOTIFIES** the petitioner that it intends to recharacterize his May 2017 petition as a motion to vacate, correct or set aside sentence under 28 U.S.C. §2255.

The court **WARNS** the petitioner that if it recharacterizes the May 22, 2017 petition as a petition under 28 U.S.C. §2255, he will not be able to file a second or successive §2255 petition unless he obtains permission to do so from the Seventh Circuit or unless certain very limited circumstances apply.

The court **ORDERS** that by the end of the day on **March 19, 2021**, the petitioner either may withdraw the petition (and avoid the court recharacterizing it as a petition under 28 U.S.C. §2255) or file an amended petition containing all the claims the petitioner believes that he has. The petitioner must file a written withdrawal of the petition or an amended petition in time for the court to *receive* it by the end of the day on March 19, 2021.

If the court does not receive either the petitioner's request to withdraw the May 22, 2017 petition or an amended petition by the end of the day on Friday, March 19, 2021, the court will recharacterize the petition as a motion under 28 U.S.C. §2255 and will deny it for the reasons it stated in its order of August 8, 2017.

Dated in Milwaukee, Wisconsin this 22nd day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**